**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Rivera,<br><br>                     Plaintiff,<br><br>v.<br><br>Forsythe Family Farms Incorporated,<br><br>                     Defendant. | No. CV-21-00416-PHX-DLR<br><br>**ORDER** |

Before the Court is Forsythe Family Farms Incorporated's ("Forsythe") motion to dismiss, which is fully briefed. (Docs. 10-12.) For the following reasons, the Court will grant the motion.[1]

**I. Background**

This case stems from the landlord-tenant relationship between Forsythe and Gregory Rivera, doing business as Rivera Hay Sales ("Rivera"). Prior to 2005, Rivera leased 43 acres of property located in Maricopa County (the "Property") for his agriculture operations. (Doc. 1-1 at 4.) In 2005, Forsythe purchased the Property and asked Rivera to vacate. (*Id.*) Rivera complied. (*Id.*)

In late 2012 and early 2013, Rivera and a Forsythe representative discussed Forsythe leasing the Property to Rivera. (*Id.* at 5.) In February 2014, Rivera began occupying the

---

[1] Forsythe's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

Property pursuant to an oral agreement and on July 16, 2014, Forsythe and Rivera executed a four-year written lease agreement. (*Id.*) On August 14, 2017, the written lease expired, and Rivera failed to secure a response from Forsythe regarding renewal. (*Id.*) Rivera vacated the Property. (*Id.*)

On January 12, 2018, a Forsythe representative called Rivera, advising him that she wanted him to return to farming on the Property and explaining that she would prepare a new lease. (*Id.* at 6.) They discussed the terms of the lease and agreed that it would be the same format as the prior lease, and would encompass a four-year term. (*Id.*) In early March 2018, a Forsythe representative again called Plaintiff and asked him to begin his agricultural operations, advising him that Forsythe's in-house attorney would draft a new lease. (*Id.*) Based on these representations, Rivera cleared the Property, installed irrigation improvements, and planted a new crop, investing over $70,000. (*Id.*) On January 31, 2019, Forsythe emailed Rivera, demanding that he vacate the Property. (*Id.* at 7.) Rivera complied, but on January 29, 2021 filed suit against Forsythe in Maricopa County Superior Court. (*Id.*)

Rivera's complaint brings claims for breach of oral agreement (contract), promissory estoppel, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, quantum merit, and unjust enrichment. On March 10, 2021, Forsythe removed the action to this Court. On April 9, 2021, Forsythe moved to dismiss Rivera's claims for breach of oral agreement (contract), negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing under Federal Rule of Civil Procedure 12(b)(6). Forsythe's motion is now ripe.

**II. Legal Standard**

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004);

*see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

**III. Discussion**

    **A. Breach of Oral Agreement (Contract)**

Rivera's breach of oral agreement claim will be dismissed because Arizona's statute of frauds, A.R.S. § 44-101(6), prohibits actions based upon alleged agreements or promises to lease land longer than one year unless the agreement is in writing and signed by the party to be charged.  Rivera's contention that Forsythe cannot assert a statute of frauds defense to his breach of oral agreement claim due to his part performance, estoppel, and detrimental reliance is without merit. (Doc. 11 at 6.)  The asserted exceptions are only available when a plaintiff seeks an equitable remedy.  *William Henry Brophy Coll. V. Tovar*, 619 P.2d 19, 23 (Ariz. Ct. App. 1980); *Trollope v. Koerner*, 470 P.2d 91, 98 (Ariz. 1970); *Basmajian v. Compass Bank*, No. CV-17-00696-PHX-BSB, 2017 WL 6415358, at *4 (D. Ariz. Aug. 28, 2017)   Here, Rivera only seeks monetary damages.[2]  Because the statute of frauds precludes Rivera's breach of oral argument claim, the Court will dismiss it.

    **B. Negligent Misrepresentation**

Rivera's claim for negligent misrepresentation is also subject to dismissal because "[a] promise of future conduct is not a statement of fact capable of supporting a claim for negligent misrepresentation." *McAlister v. Citibank (Ariz.)*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992).   Here, Rivera's misrepresentation claim is based on Forsythe's

---

[2] Even though the complaint notes that Rivera seeks "such other and further relief as the Court deems just and proper," this catchall language is insufficient to constitute a request for equitable relief.  *Basmajian*, 2017 WL 6415358, at *5 ("[T]he concluding request for 'such other and further relief as this Court deems appropriate under the circumstances,' is limited to the same kind of relief specifically identified, money damages.").

representations that it would, in the future, draft a new four-year lease that followed the format of the prior lease. (Doc. 1-1 at 6 ("[The representative] advised Plaintiff it was going to take time to prepare the new lease because Landlord was busy on other matters. She again asked him to start farming and assured him that the lease would be forthcoming[.] Based on the representations from Forsythe, Plaintiff performed.")). Because Rivera's claim of relief for negligent misrepresentation cannot be premised upon a promise of future conduct, the Court will dismiss it.

**C. Breach of the Implied Covenant of Good Faith and Fair Dealing**

The covenant of good faith and fair dealing is implied in every contract and "the duty arises by virtue of a contractual relationship." *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). However, when the statute of frauds renders a contract unenforceable, a claim for breach of the implied covenant of good faith and fair dealing is subject to dismissal. *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1026 (D. Ariz. 2003). Here, because a valid and enforceable contract is absent, the duty to abide by the covenant of good faith and fair dealing is similarly absent. The Court will therefore dismiss Rivera's breach of the implied covenant claim. Accordingly,

**IT IS ORDERED** that Forsythe's motion to dismiss (Doc. 10) is **GRANTED.** Counts one, three and four of Rivera's complaint are dismissed.

Dated this 4th day of May, 2021.

Douglas L. Rayes
United States District Judge