**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Rivera,<br><br>        Plaintiff,<br><br>v.<br><br>Forsythe Family Farms Incorporated,<br><br>        Defendant. | No. CV-21-00416-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant's motion for judgment on partial findings under Federal Rule of Civil Procedure 52(c). (Doc. 54.) The motion is fully briefed and for the reasons set forth herein granted in part and denied in part.

Defendant seeks judgment in its favor, arguing that all of Plaintiff's damages evidence is mere speculation. Defendant further argues that awarding damages to Plaintiff for re-installing the irrigation on the Property would be contrary to the terms of the 2013 Lease and Rule 26(a)(A)(iii)'s disclosure requirement.

Addressing first the irrigation damages, the Court agrees with Defendant that pursuant to the 2013 Lease, the irrigation materials and equipment became the property of Defendant and thus the cost of reinstalling was not a recoverable damage.

Addressing next the damages claimed for preparation and planting costs, because of the lack of disclosure of receipts for seed, Plaintiff's violation of Rule 26(a)(A)(iii)'s disclosure requirement requires the exclusion of Plaintiff's testimony on the costs for seed.

However, the other damages claimed for preparation and planting costs have been adequately proven. Based on his years of experience in farming alfalfa, right up to the day of trial, Plaintiff has the personal knowledge and the experience to testify about the operations and time it took to prep and plant the seed. That Plaintiff used his employees to do the work does not create a "factual disconnect," as argued by Defendant. The cost of the work performed by the employees, of operating a backhoe, and the tractor is what Plaintiff would have been paid if he lent out that equipment and those services. The amount he claimed per hour is neither unreasonable nor is there a factual disconnect.

Addressing the damages claimed for lost profits, the Court finds those damages have been proven with sufficient certainty. Plaintiff's testimony was not mere speculation but the testimony of one with the experience about the costs and the expected yields in alfalfa farming and with regard to this particular farm. His testimony was clear, detailed, and based on personal knowledge. Plaintiff counted the number of bales harvested each month and based his lost profit calculations on specific information that he gathered and information with which he was personally familiar and aware. There is no requirement that such testimony be substantiated with documentary evidence or additional expert testimony. Plaintiff is an expert. That Plaintiff used his spreadsheets that were not admitted into evidence to refresh his memory does not require that his testimony be disregarded. There is no requirement that the object or document used to refresh a witness's memory be admitted as evidence. Defendant's argument that Plaintiff's failure to show he was unable to fill orders by the lack of the lost bales is raised for the first time in its reply and will not be considered. Nonetheless, Plaintiff testified to the value per bale on the open market for hay. There is no indication that the market for hay is limited and only a fixed number of bales can be sold during any season. Defendant's argument is not economically sound nor supported by facts about the alfalfa market.

Defendant argues Plaintiff admitted at trial that he had not produced his notes of the counts he performed of the bales of hay harvested from the Property, and because of the failure to produce those notes, his testimony concerning his lost profits should not be

considered.  However, at trial the Court order Plaintiff to produce the logs before the next day of trial so Plaintiff could be cross examined on them. The next day the parties reported to the Court that the logs had been produced but Defendant chose not to perform further cross examination. The documents were produced and there was no harm to Defendant based on the tardy production.

Defendant's motion also seeks a ruling on damages claimed in Plaintiff's alternative theory of unjust enrichment. Because the Court has found that Plaintiff proved his claim of promissory estoppel, the Court will not address the alternative theory of unjust enrichment, or the damages alleged therein.

**IT IS ORDERED** that Defendant's Rule 52(c) Motion (Doc. 54) is **GRANTED IN PART AND DENIED IN PART.**

Dated this 3rd day of January, 2023.

Douglas L. Rayes
United States District Judge